## Hornsby v. Powell.

(Decided October 29, 1929.)

A. W. BAKER for appellant.

C. P. MOORE and L. C. LITTLE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

M. H. Hornsby owned two tracts of land in Jackson county. Albert Powell owned a one-half interest in a tract of land in Stark county, Ind., for which he paid the sum of $2,000 and assumed the payment of one-half of a $7,000 mortgage on the property. On October 16, 1923, Hornsby exchanged the Jackson county land for Powell's one-half interest in the Indiana land, which was conveyed to Hornsby subject to tax and ditch assessments due and payable after January 1, 1924, and also subject to one-

half of the mortgage of $7,000 due in 1925. Some time after the trade, Hornsby returned to Kentucky, and the property was sold to satisfy the mortgage and accrued taxes. In the year 1927 Hornsby brought this action against Powell to recover the sum of $3,000, the value of the land which he conveyed to Powell, on the ground that Powell had no title to the Indiana land, and there was a failure of consideration. Powell denied the allegation that he had no title or that there was a failure of consideration, and pleaded affirmatively that he conveyed a good and valid title free from incumbrances except the mortgage for $7,000, which Hornsby assumed. Proof was heard, and on final hearing Hornsby's petition was dismissed. He appeals.

Hornsby testified that Powell failed to give him a good title because there were back taxes and ditch assessments against the land, and because thereof the mortgage was foreclosed before it became due, and he thereby lost title to the land. He further testified that Powell did not inform him of the fact that there were any ditch assessments or back taxes due prior to January 1, 1924. On cross-examination he testified that he was not in shape to pay the taxes and interest and it was not his business anyhow. He admitted that Powell paid him $140 for interest on the mortgage, and he offered to pay it to the mortgagee but she would not receive it. On the other hand, Powell testified that Hornsby knew of the mortgage and of the back taxes; that he paid Hornsby $140 for interest on the mortgage; that he informed Hornsby of the back taxes, and Hornsby agreed to look to his partner to whom he had paid the taxes. The evidence further disclosed that the interest on the mortgage was not paid, that the mortgagee purchased the outstanding tax claim, and that the land was sold to satisfy the mortgage.

The evidence utterly fails to show that Hornsby's loss of the Indiana land was due to the fact that Powell had no title, or that Powell fraudulently concealed from him that there were back taxes on the land. On the contrary, it is clear from the evidence that Hornsby knew of the back taxes, and agreed to look to Powell's partner for their payment; that he was furnished with the money to pay the interest on the mortgage, but failed to do so; and that the land was sold because the interest on the mortgage was not kept up. In the circumstances the trial court did not err in holding that Hornsby was not entitled to recover.

Judgment affirmed.